**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| HARVEY CANTRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 21-0409-JB-MU |
| | ) | |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Motion to Proceed Without Prepayment of Fees (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Cantrell has requested leave to proceed without prepayment of costs and fees (*see* Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because this Court lacks subject-matter jurisdiction; therefore, Cantrell's complaint is legally frivolous.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Jackson v. Farmers Ins.*

---

[1] Because this Court lacks subject-matter jurisdiction, Cantrell's motion to proceed without prepayment of fees and costs (Doc. 2) is **MOOT.**

*Group/Fire Ins. Exchange,* 391 F. App'x 854, 856 (11th Cir. 2010) (discussing subject-matter jurisdiction and 28 U.S.C. § 1915(a)(2)(B)(i) frivolity).[2]

In his *pro se* complaint, Cantrell seemingly seeks to recover VA benefits and monies he alleged were paid by the VA in his name but which he never received. Plaintiff previously filed an action in this Court making the same allegations. *See Cantrell v. Wilkie*, Civ. A. No. 21-0042-JB-MU (Jan. 4, 2021). That action was dismissed without prejudice on February 18, 2021. *Id.* at Doc. 8.

Federal district courts are "courts of limited jurisdiction" that are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution[.]'" *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999), quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen,* 511 U.S. at 377 (internal citations omitted). Because federal courts are courts of limited jurisdiction, a federal court "may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." *Jackson,* 391 F. App'x at 856 (citations omitted).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Neither this Court nor any federal district court can exercise subject matter jurisdiction over Cantrell's claim for VA benefits. *See, e.g., Milbauer v. United States,* 636 F. App'x 556, 560 (11th Cir. 2016). In affirming the district court's finding of lack of subject matter jurisdiction, the *Milbauer c*ourt noted the following about the Veterans Judicial Review Act: "The VJRA does not completely eliminate judicial review of benefits decisions, instead determinations of the Secretary may be appealed to the Board of Veterans' Appeals [], whose decision becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board then may be reviewed exclusively by the Court of Appeals for Veterans Claims, an Article I court established by the VJRA.... Decisions of the Court of Appeals for Veterans Claims are in turn appealable to the Court of Appeals for the Federal Circuit.... A decision by the Federal Circuit is subject to certiorari review by the Supreme Court.... Pursuant to the VJRA, 'judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court.'"). *Id.*, *cert. denied,* ___ U.S. ___, 137 S.Ct. 621, 196 L.Ed.2d 515 (2017). As *Milbauer* makes clear, federal district courts have no subject matter jurisdiction over claims regarding benefits to veterans by the VA; instead, veterans must appeal determinations of the Secretary to the Board of Veterans' Appeals, then to the Court of Appeals for Veterans Claims, the Federal Circuit Court of Appeals, and the Supreme Court.

## **CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED,** prior to service of process, for lack of subject-matter jurisdiction. *See* 28

U.S.C. § 1915(e)(2)(B)(i). Because a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits[,]" it should be "entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **27th** day of **September, 2021**.

                        s/P. Bradley Murray_____
                        **UNITED STATES MAGISTRATE JUDGE**